IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYDNEY COLVIN,

       Plaintiff,

v.                                      Case No.

SHARKNINJA OPERATING, LLC

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, CYDNEY COLVIN, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, Morgan & Morgan, PA, hereby submits the following Complaint and Demand for Jury Trial against Defendant SHARKNINJA OPERATING, LLC (hereafter referred to as "Defendant SharkNinja" and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

### **NATURE OF THE CASE**

1. Defendant, SharkNinja Operating, LLC manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Foodi Deluxe TenderCrisp Pressure Cooker," which specifically includes the OP401BRN model (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

2. On or about December 25, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker,

allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF, SYDNEY COLVIN

4. Plaintiff, Sydney Colvin, is a resident and citizen of the City of Jacksonville Beach, Duval County, State of Florida.  Plaintiff therefore is a resident and citizen of the State of Florida for purposes of diversity pursuant to 28 U.S.C. § 1332.

## DEFENDANT, SHARKNINJA OPERATING, LLC

5. Defendant, SharkNinja, designs, manufacturers, markets, imports, distributes, and sells a variety of consumer products, including the subject "Ninja Foodi Deluxe" pressure cookers.

6. Defendant, SharkNinja, is a Delaware Limited Liability Company and has a principal place of business located at 89 A St. # 100, Needham, Massachusetts 02494.  Defendant, SharkNinja, has a registered service address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. At the time of Plaintiff's injuries and the filing of this lawsuit, the sole member of SharkNinja Operating, LLC was EP Midco, LLC, a Massachusetts Limited Liability Company created and organized under the law of the state of Delaware and located at 89 A St. # 100, Needham, MA 02494.

8. At the time of Plaintiff's injuries and the fling of this lawsuit, the sole member of EP Midco, LLC was Brian Lagarto.

2

9.  Mr. Lagarto is a resident and citizen of the state of Massachusetts, and operates out of his principal places of business, 180 Wells Avenue, Suite 200, Newton, Massachusetts.

## JURISDICTION AND VENUE

10.  This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within the State of Florida through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

13.  Plaintiff, Sydney Colvin, was the owner of a Ninja Foodi™ Deluxe 8-QT Tendercrisp™ Pressure Cooker, Model 0P401BRN I07. [Photos 1 & 2]




Photo 1                              Photo 2

14.     On December 25, 2022, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by defendant, SharkNinja, for its intended and reasonably foreseeable purpose of cooking.

15.     While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in explosive manner.  The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns. [Photo 3]



Photo 3

16.     Defendant, SharkNinja, is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

17.     Defendant, SharkNinja, warrants, markets, advertises, and sells its pressure cookers as a means to make cooking "easy" and "convenient," allowing consumers to "cook 70% faster than traditional cooking method[s]."[1]

---

[1]  https://www.ninjakitchen.com/pressure-cookers (last accessed March 1, 2024)

4

18.    Defendant, SharkNinja, boasts that its pressure cookers have "14 safety features,"[2] which purport to keep the user safe while cooking.

19.    For example, according to the Owner's Guide accompanying each individual unit sold, the pressure cookers come equipped with safety features that prevent the lid from being removed until the unit has "completely depressurized"[3]:

> **NOTE:** The pressure lid will not unlock until the unit is completely depressurized.

See, Ninja OP400 Series Owner's Guide, pg. 16.

20.    The Owner's Guide further states that, "[a]s the unit pressurizes, the lid will lock as a safety measure, and it will not unlock until pressure is released"[4] and that "[a]s a safety feature, the pressure lid will not unlock until the unit is completely depressurized…When the steam is completely released, the unit will be ready to open."[5]

21.    By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22.    On or about December 25, 2022, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendant, SharkNinja, for its intended and reasonably foreseeable purpose of cooking.

---

[2] *Id.*
[3] See, Ninja OP400 Series Owner's Guide, pg. 16.  A copy of the Owner's Guide is attached hereto as "Exhibit A."
[4] *Id*. at pg. 15.
[5] *Id*. at pg. 22.

5

23.     While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner.  The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns.

24.     Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by Defendant, SharkNinja.

25.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant, SharkNinja, in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

26.     Defendant, SharkNinja's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27.     Further, Defendant, SharkNinja's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

28.     Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

29.     As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of

6

such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

30.    Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of defendant SharkNinja's pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**COUNT I**

**PRODUCTS/STRICT LIABILITY**

31.    Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32.    At all relevant times, Defendant, SharkNinja, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

33.    The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

34.    The Pressure Cooker had not been misused post-sale before it failed.

35.    The Pressure Cooker was within its anticipated useful life when it failed.

36.    The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

37.    Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or,

b. a reasonably prudent manufacturer would not have put it on the market assuming that the manufacturer knew of its dangerous condition.

38. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

39. Therefore, Defendant, SharkNinja, is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II

## NEGLIGENCE AGAINST

40. Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

41. Defendant, SharkNinja, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Pressure Cooker, and/or to adequately warn of dangers presented by the product's design.

8

42.     Defendant, SharkNinja, knew, or in the existence of ordinary care, should have known, that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

43.     Defendant, SharkNinja, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pressure Cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

44.     Defendant, SharkNinja, had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, SharkNinja, failed to adequately design, equip and/or manufacture the Pressure Cooker.

45.     Defendant, SharkNinja, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

46.     Defendant, SharkNinja, failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

47.     As a direct and proximate result of Defendant, SharkNinja's negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

9

48.    WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT III

## BREACH OF EXPRESS WARRANTY

49.    Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

50.    Defendant, SharkNinja, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pressure Cooker.

51.    Defendant, SharkNinja, expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

52.    Defendant, SharkNinja's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pressure Cooker.

53.    The Pressure Cooker did not conform to Defendant, SharkNinja's affirmations regarding safety.

54.    As a direct and proximate result of Defendant, SharkNinja's breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

55.     WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

56.     Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

57.     Defendant, SharkNinja, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

58.     Defendant, SharkNinja, impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

59.     Defendant, SharkNinja, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

60.     As a direct and proximate result of Defendant, SharkNinja's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing

11

care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

61.     WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

62.     Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

63.     Defendant, SharkNinja, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

64.     In selling the Pressure Cooker to Plaintiff, Defendant, SharkNinja, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

65.     Defendant, SharkNinja, breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to defendant SharkNinja's affirmations regarding its product being fit for such particular purpose. The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

12

66.     As a direct and proximate result of Defendant, SharkNinja's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.  The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

67.     WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI

### FAILURE TO WARN

68.     Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

69.     Defendant, SharkNinja, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

70.     On or about December 25, 2022, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded and/or otherwise caused injury to Plaintiff.

71.     Upon information and belief, the Pressure Cooker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

72.     Defendant, SharkNinja, knew or should have known of the dangerous nature of the Pressure Cooker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

73.     Defendant, SharkNinja, had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including Plaintiff, notice of the danger involved.

74.     As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.  The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sydney Colvin, demands judgment against Defendant, SharkNinja Operating LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted, this 2ND day of April, 2024.

s/ Michael Goetz
Michael Goetz, Esq.
Florida Bar #963984
Morgan & Morgan
Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
813-223-5505
MGoetz@forthepeople.com
Attorney for Plaintiff Sydney Colvin

14